UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| ROCKY J. HENDRICKSON,<br><br>    Plaintiff,<br><br>    v.<br><br>MICHAEL J. ASTRUE, Commissioner of Social Security Administration,<br><br>    Defendant. | CASE NO.  **C07-5333BHS**<br><br>REPORT AND RECOMMENDATION<br><br>Noted for May 9, 2008 |

This matter has been referred to Magistrate Judge J. Kelley Arnold pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Magistrates Rule MJR 4(a)(4) and as authorized by <u>Mathews, secretary of H.E.W. v. Weber</u>, 423 U.S. 261 (1976). This matter has been fully briefed, and after reviewing the record, the undersigned recommends that the Court remand the matter to the administration for further consideration.

INTRODUCTION

Plaintiff, Rocky Hendrickson, was born in 1954. He attended high school and has earned his G.E.D.. He has past work experience in a floral shop and as a custodian. He has not worked since November 15, 1996, when he was diagnosed with HIV.

Plaintiff filed applications for Social Security and SSI disability benefits on October 16, 1997, alleging that he has been disabled under the Social Security Act since November 15, 1996. (Tr. 38). His applications were denied initially, on reconsideration, and in a hearing decision dated May 27, 1999. (Tr. 38). Mr. Hendrickson requested review by the Appeals Council which, on August 24, 2001, remanded his

claims for a new hearing. (Tr. 38). Following a new hearing, on April 27, 2002, the administrative law judge ("ALJ") issued a decision in which he again found that Mr. Hendrickson was not disabled. (Tr. 35-46).

Mr. Hendrickson filed a new application for SSI disability benefits on October 2, 2002, again alleging that he has been disabled under the Social Security Act since November 15, 1996. (Tr. 80-83). His application was denied initially and on reconsideration. (Tr. 56-59, 62-63). Mr. Hendrickson filed a hearing request, and a hearing was held before an ALJ on January 25, 2005. (Tr. 489-529). On February 19, 2005, the ALJ issued a decision in which he found that Mr. Hendrickson was not disabled. (Tr. 23-34). Plaintiff requested review by the Appeals Council which, on June 8, 2007, denied his request for review, leaving the decision of the ALJ as the final decision of the Commissioner. (Tr. 5-8).

July 10, 2007, Plaintiff filed a Complaint with the Court seeking judicial review of the administrative decision.  Plaintiff argues the following issues:

1. the ALJ failed to give appropriate weight to the opinion of Plaintiff's treating and examining physicians;

2. the ALJ failed to properly consider claimant's testimony regarding his symptoms and limitations;

3. the ALJ failed to properly consider other source evidence;

4. the ALJ erred in finding Plaintiff's impairments did not meet or equal a Listing;

5. the ALJ improperly determined Plaintiff's Residual Functional Capacity;

6. the Commissioner failed to meet the burden of showing Plaintiff can perform any work in the national economy; and

7.  the ALJ erroneously relied on VE testimony that conflicted with the D.O.T.

DISCUSSION

This Court must uphold the determination that plaintiff is not disabled if the ALJ applied the proper legal standard and there is substantial evidence in the record as a whole to support the decision. Hoffman v. Heckler, 785 F.2d 1423, 1425 (9th Cir. 1986).  Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.  Richardson v. Perales, 402 U.S. 389, 401 (1971); Fife v. Heckler, 767 F.2d 1427, 1429 (9th Cir. 1985).  It is more than a scintilla but less

than a preponderance. Sorenson v. Weinberger, 514 F.2d 1112, 1119 n.10 (9th Cir. 1975); Carr v. Sullivan, 772 F. Supp. 522, 525 (E.D. Wash. 1991). If the evidence admits of more than one rational interpretation, the Court must uphold the Secretary's decision. Allen v. Heckler, 749 F.2d 577, 579 (9th Cir. 1984).

## A.   THE ALJ PROPERLY WEIGHED AND EVALUATED PLAINTIFF'S CREDIBILITY

To a large degree the threshold issue in this matter is Plaintiff's credibility. Plaintiff argues, "The ALJ committed legal error by failing to properly consider Mr. Hendrickson's testimony about his symptoms and functional limitations." Plaintiff's Opening Brief at 14. After reviewing the ALJ's decision and the record, the undersigned is not persuaded by Plaintiff's argument.

Bunnell v. Sullivan, 947 F.2d 341 (9th Cir. 1991) (*en banc*), is controlling Ninth Circuit authority on evaluating plaintiff's subjective complaints. Bunnell requires the ALJ findings to be properly supported by the record, and "must be sufficiently specific to allow a reviewing court to conclude the adjudicator rejected the claimant's testimony on permissible grounds and did not 'arbitrarily discredit a claimant's testimony regarding pain.'" Id. at 345-46 (quoting Elam v. Railroad Retirement Bd., 921 F.2d 1210, 1215 (11th Cir. 1991)). An ALJ may reject a claimant's subjective complaints, if the claimant is able to perform household chores and other activities that involve many of the same physical tasks as a particular type of job. Fair v. Bowen, 885 F.2d 597, 603 (9th Cir. 1989) However, as further explained in Fair v. Bowen, *supra*, and Smolen v. Chater, 80 F.3d 1273, 1288 (9th Cir. 1996), the Social Security Act does not require that claimants be utterly incapacitated to be eligible for benefits, and many home activities may not be easily transferrable to a work environment where it might be impossible to rest periodically. Similarly, the ALJ can reject the testimony of lay witnesses only if he gives reasons germane to each witness whose testimony s/he rejects. Smolen v. Chater, 80 F.3d 1273, 1288 (9th Cir. 1996) Dodrill v. Shalala, 12 F.3d 915, 919 (9th Cir. 1993).

Here, the ALJ addressed the testimony provided by Plaintiff in his written decision. After summarizing the medical evidence and stating the standard of review applicable to Plaintiff's subjective allegations of disability, the ALJ wrote:

> Careful consideration has been given to the claimant's testimony and it has been found to be generally credible to the extent he does not have impairments which do cause limitations, but not to the extent he is precluded from all work activities.

> The claimant has been less than fully credible when testifying to his drug and alcohol problems and such testimony can be described as being vague and evasive.  While the claimant testified he is clean and sober, the records noted he admitted in July 2004 to a year of crack and methamphetamine usage (page 361), had a positive urinalysis test in April 2004 (page 336), and had relapsed on alcohol in May 2004 (page 314).  The records also noted the claimant was non-compliant with his medical treatment and was less than fully-credible when reporting such.  Dr. Williams, the claimant's primary care physician, noted she was very upset with the claimant because he was lying to her about taking his medications.  (Page 215).  She noted the claimant was not making improvement when he should have been and thought this was due to the virus mutating but now realized his lack of improvement was due to his non-compliance.  (Page 207).  In regard to his human immunodeficiency virus symptoms, the records consistently reveal that when he is compliant with his treatment, his human immunodeficiency virus is under control and causes no limitations other than some mild fatigue (page 159, 361).

(Tr. 30).

The ALJ's decision and the reasons for discrediting Plaintiff's testimony and allegations are properly supported by the record.  Plaintiff's treating physician, Dr. Williams, reported that Plaintiff was he was lying about his treatment compliance for three years.  On June 17, 2004, Dr. Williams reported the following:

> Our last visit was in September 2003, at which time we again talked about starting HIV medications.  Today, for the first time ever, in the more than three years that I have been seeing him, he admits that he forgets to take his medication on a regular basis.  When I first saw him after coming from Multnomah County, he continued to insist that he had perfect compliance and that he must be resistant to the medications, although resistance testing never showed any mutations.  He has now been off medications for a very prolonged period of time, possible since 2000.  Several times, he has said that he would take regimens but on follow-up visits had never started the regimen.

(Tr. 344).  The relationship between doctor and patient is instrumental to effective health care, and the law provides special protection to statements made between physicians and their patients, to encourage individuals to be forthright and candid.  When this relationship is breeched it necessarily raises concerns about credibility and trustworthiness.  Accordingly, the ALJ properly discounted Plaintiff's subjective statements based on Plaintiff's misleading statements to his treating physician, which were made over a significantly long period of time during his treatment with Dr. Williams..

The ALJ further argues Plaintiff provided  inconsistent statements regarding his use and abuse of illicit drugs and alcohol.  At the most recent hearing Plaintiff's attorney asked Plaintiff if he had done any drugs or alcohol since April of 2002.  Plaintiff stated that he had did some methamphetamine in 2004, that he had tried it and used it only four or five different times (Tr. 502-03).  Plaintiff stated he had not used any alcohol for a couple of years (since approximately January 2003) (Tr. 503).  On further questioning,

REPORT AND RECOMMENDATION
Page - 4

1  the ALJ stated he was relying on a report prepared by Bridget Amore in July of 2004 indicating Plaintiff
2  was using crack cocaine at that time. The report of Ms Amore is not found in the record before the court.
3  Defendant's brief cites to page 401 of the current transcript, to argue Plaintiff had used drugs as recently
4  as May 2004. This is not only consistent with Plaintiff's testimony that he first used drugs beginning in
5  December 2003 - January 2004 time period, but the reference to page 401 does not appear to support
6  Defendant's argument. The record includes several years of chemical dependency treatment notes. (Tr.
7  360-472). Contrary to the ALJ's assertion, these notes do not show that Mr. Hendrickson has continually
8  misrepresented his drug and alcohol use. The ALJ erred when he relied on Plaintiff's "inconsistent
9  statements" as a clear and convincing reason to discredit his subjective complaints.

10  *B.  THE ALJ IMPROPERLY ASSESSED THE MEDICAL EVIDENCE*

11  The ALJ is entitled to resolve conflicts in the medical evidence. Sprague v. Bowen, 812 F.2d
12  1226, 1230 (9th Cir. 1987). He may not, however, substitute his own opinion for that of qualified medical
13  experts. Walden v. Schweiker, 672 F.2d 835, 839 (11th Cir. 1982). If a treating doctor's opinion is
14  contradicted by another doctor, the Commissioner may not reject this opinion without providing "specific
15  and legitimate reasons" supported by substantial evidence in the record for doing so. Murray v. Heckler,
16  722 F.2d 499, 502 (9th Cir. 1983). " The opinion of a nonexamining physician cannot by itself constitute
17  substantial evidence that justifies the rejection of the opinion of either an examining physician or a
18  treating physician." Lester v. Chater, 81 F.3d 821, 831 (9th Cir. 1996). In Magallanes v. Bowen, 881
19  F.2d 747, 751-55 (9th Cir. 1989), the Ninth Circuit upheld the ALJ's rejection of a treating physician's
20  opinion because the ALJ relied not only on a nonexamining physician's testimony, but in addition, the
21  ALJ relied on laboratory test results, contrary reports from examining physicians and on testimony from
22  the claimant that conflicted with the treating physician's opinion.

23  Here, Plaintiff argues the ALJ failed to properly assess the opinions of Dr. Gretsch, Dr. Carter,
24  and Dr. Schneider, each of which are examining physicians of record. The undersigned agrees that the
25  ALJ failed to properly assess these opinions because, in part, the ALJ discredited those opinions based on
26  his finding that Plaintiff had misrepresented his drug and alcohol abuse to each of these physicians. As
27  discussed abo ve, the ALJ erred when he discredited Plaintiff's limitations and credibility. For the same
28  reason, the ALJ erred when he discredited these medical opinions on the same alleged "inconsistent

REPORT AND RECOMMENDATION
Page - 5

1  statements" regarding his drug and alcohol use.

## CONCLUSION

Based on the foregoing discussion, the Court should REMAND the Administration's final decision denying plaintiff's application for social security disability benefits for further consideration. On remand, the administration must reconsider Plaintiff's credibility and the medical evidence. Necessarily, the administration will be required to further reconsider Plaintiff's residual functional capacity, lay witness or other source evidence, in addition to re-evaluating Plaintiff's ability to perform other work within the national economy.

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have ten (10) days from service of this Report to file written objections. *See also* Fed.R.Civ.P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. Thomas v. Arn, 474 U.S. 140 (1985). Accommodating the time limit imposed by Rule 72(b), the clerk is directed to set the matter for consideration on **May 9, 2008**, as noted in the caption.

DATED this 15th day of April, 2008.

        */s/ J. Kelley Arnold*
        J. Kelley Arnold
        U.S. Magistrate Judge

REPORT AND RECOMMENDATION
Page - 6